# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1615V
UNPUBLISHED

| | |
|---|---|
| ROGER NYHUIS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 25, 2022<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Guillain-Barré Syndrome (GBS) |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Matthew Murphy, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On July 26, 2021, Roger Nyhuis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on September 20, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 25, 2022, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner suffered from GBS, and that he has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford him a presumption of vaccine causation if the onset of GBS occurs between three and forty-two (42) days after a seasonal flu

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccination and there is no more likely alternative diagnosis and no apparent alternative cause. *Id.* at 88 (citing 42 C.F. R. § 100.3(a)(XIV)(D), (c)(15).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master